UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA, *ex rel.*,
GREGORY LYNN and PAULETTE HAMILTON,

    Plaintiffs,

v.                                        Case No. 17-14168

CITY OF DETROIT,

    Defendant.
_____/

**ORDER DENYING PLAINTIFFS-RELATORS' MOTION FOR LEAVE
TO FILE THIRD AMENDED COMPLAINT**

Plaintiffs-Relators Gregory Lynn and Paulette Hamilton filed this *qui tam* action on behalf of the United States of America against Defendant City of Detroit. (ECF No. 1.) They claim that Defendant awarded municipal contracts for transportation services to a favored bidder, violating the False Claims Act ("FCA") and Federal Transit Authority ("FTA") procurement policies. (*Id.*, PageID.13-16.)

Before the court is Plaintiff's "Motion for Leave to File Third Amended Complaint." (ECF No. 81.) The motion is fully briefed. The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. L.R. 7.1(f)(2). For the reasons set forth below, the court will deny Plaintiffs' motion.

**I.   BACKGROUND**

On December 27, 2017, Plaintiffs filed their *qui tam* complaint against Defendant. (ECF No. 1.) The crux of the action is that Defendant – through the Detroit Department of Transportation ("DDOT"), which receives federal funds for municipal transportation

programs – has violated federal policies and regulations by improperly granting federally funded contracts to a competing contractor named Transdev Services ("Transdev"). (*Id.*, PageID.13-15.) According to Plaintiffs, to receive federal funds, Defendant must make several assurances or certifications that it complies with federal law, and because Defendant made these false certifications, it violated the FCA. (*Id.*, PageID.13-15.)

The case was sealed while the federal government considered whether to intervene to represent its own interests. On November 12, 2020, the government notified the court that it would not intervene in the case. (ECF No. 27.) At the time the government declined intervention, Plaintiffs were not represented by counsel, but an attorney subsequently entered an appearance on behalf of Plaintiffs on March 25, 2021. (ECF No. 37.)

### A.  Previous Amendment Attempts

On September 17, 2021, Plaintiffs moved to amend their initial complaint. (ECF No. 44.) In partly granting Plaintiffs' request, the court found that "Plaintiffs' proposed amended complaint allege[d] a significant number of additional factual allegations, but it d[id] not add any new substantive causes of action against Defendant; the nature of the complaint – an FCA action – effectively remain[ed] the same." (ECF No. 49, PageID.779-80.) Specifically, even though the proposed complaint was five times as long, "the number of allegations [was] immaterial where they all share[d] the same focus of Defendant's contractual relationships with Transdev violating various federal regulations and running afoul of the FCA." (*Id.*, PageID.791.) Accordingly, the court rejected Defendant's argument that Plaintiff's proposed amendment essentially stated a new lawsuit, which should be filed as a new complaint under seal according to the

2

procedures set forth in the FCA, because "[t]he government . . . was on notice that the nature or thrust of the action pertained to the relationship between Defendant and Transdev" and "had an opportunity to evaluate and consider these allegations." (*Id.*, PageID.789-91.)

However, the court denied Plaintiffs' request to add "factual allegations pertaining to the 'failure or refusal to investigate discrimination complaints,' [which were] wholly unrelated to and outside the scope of this litigation." (*Id.*, PageID.792.) The court reasoned:

> While all other allegations pertain to unfair competition in the contract bidding process or bias in monitoring Transdev's performance, the discrimination allegations center more so on the relationship between Transdev and third parties, as opposed to the true focus of the case, which is the relationship between Transdev and Defendant.
>
> Therefore, the court finds these allegations would not be a proper amendment. At least some of the facts alleged were known to Plaintiffs before the filing of the original complaint or shortly after it, evincing Plaintiffs' dilatory action; this can be contrasted with the other new allegations, most of which were apparently discovered only after Plaintiffs retained new counsel in March 2021. (ECF No. 44, PageID.355-56.) Moreover, as it relates to compliance with FCA's required procedures, the discrimination allegations constitute "new and substantially different" facts and could stand on their own as a separate, distinct lawsuit. The core of the present action is Transdev's contracts with Defendant. The discrimination allegations do not relate to that theme.

(*Id.*)

On February 15, 2022, Plaintiffs filed their "First Amended Qui Tam Complaint" (ECF No. 50), and on May 20, 2022, filed their "Second Amended Qui Tam Complaint"[1] (ECF No. 63), which, per Defendant, is "essentially the same as [Plaintiffs'] First Amended Complaint" (ECF No. 82, PageID.3490).

---

[1] Plaintiff's previous counsel stated that the Second Amendment Complaint was filed "based on the parties' stipulation." (ECF No. 68 PageID.2380) (sealed). Defendant does not appear to challenge the filing.

3

Defendant does not contest that the Second Amended Complaint is the operative pleading in this case. (*Id.*) It is 66 pages long and contains 269 allegations (not including the "Conclusion") concerning 13 transactions between Defendant and Transdev or Interlliride, LLC, its wholly owned subsidiary. (ECF No. 63).

### B. Plaintiffs' Pending Motion

Plaintiffs previously made a second attempt to seek leave to amend on June 30, 2022. (ECF No. 68.) However, per Defendant, it was unable to respond to then-filed motion because some of Plaintiffs' filings were public and some were sealed, which remained unfixed despite Defendant's request. (ECF No. 82, PageID.3490.) From July to October 2022, the case was stayed so that Plaintiffs could find new counsel. (See ECF Nos. 72, 73, 75, 76.) After Plaintiffs retained their current counsel in November 2022 and the parties confirmed with the federal government that it would consent to the unsealing of the motion to amend and its exhibits, the court expressed in the November 17, 2022 status conference that it expected Plaintiffs to refile the motion for leave to amend within 30 days. (Nov. 11, 2022 Minute Entry.)

On January 9, 2023, Plaintiffs filed the pending motion. (ECF No. 81).[2] On its face, this motion asks for significantly more changes than the one Plaintiffs were asked to refile. (*See* ECF No. 68 (filed under seal)). For example, the June 30, 2022 motion did not seek leave to add any new defendant. (*Id.*)[3] The current motion does. (ECF No. 81, PageID.3196.)

---

[2]   Plaintiffs withdrew the June 30, 2022 motion on January 4, 2023. (ECF No. 80.)
[3]   At the time the motion was filed, the court's Scheduling Order (ECF No. 62) was still in effect. It provides, "Any motion to add an allegedly indispensable party under Fed. R. Civ. P. 19 must be filed, or deemed waived, not later than 6/30/2022." (*Id.*, PageID.1598.)

4

As it stands, Plaintiff seeks to file a "Third Amended Qui Tam Complaint" that is over four times the length of the current operative complaint (278 pages long). (ECF No. 81-1.) This proposed amended pleading also contains almost five times the amount of the allegations (there are 1222 allegations, not including the "Overall Damages Claim and Conclusion"). (*Id.*). Because of the manner in which Plaintiffs have made their filings in this case, the court initially could not ascertain the differences between the proposed Third Amended Complaint and the Second Amended Complaint. (*See* ECF No. 84.) Consequently, the court ordered Plaintiffs to supplement their motion with a redlined (track changes) version of the proposed pleading. (*Id.*) On April 26, 2023, Plaintiffs filed their "Supplemental Brief in Support of Motion for Leave to File Third Amended Complaint," which purports to include "a copy of the proposed Third Amended Complaint with all proposed changes indicated in red." (ECF No. 85, PageID.3534.)

According to Plaintiffs' 'track-changes' version,[4] they are seeking to include three additional defendants: Detroit Employment Solution Corporation ("DESC"), Detroit Economic Growth Association ("DEGA"), and Economic Development Corporation of the City of Detroit ("EDC"). (ECF No. 85-1, PageID.3536-38.) Most of the add-on factual allegations concern 44 new occurrences and transactions between Defendant with third parties, none of which are Transdev or Interlliride. (*See id.*, PageID.3277-3462.) Most of these dealings also have no apparent connection with transportation services, but rather are involved with contracts to upgrade Detroit infrastructure and provide education, employment, housing, welfare, and assistance programs to its residents. (*Id.*)

---

[4] The court notes that the supplement filed by Plaintiff does not entirely reflect the changes from the Second Amendment Complaint to the proposed Third Amended Complaint. For example, it does not show what was removed from the Second Amended Complaint.

Additionally, Plaintiffs want to include assertions of Defendant's alleged retaliation against Plaintiffs by refusing to hire Plaintiff Lynn for a couple of positions and delaying informing Plaintiffs' company of a bid opportunity. (*Id.*, PageID.3463-70.) Plaintiffs then propose supplementing the current standalone count and adding five new counts to include more theories of FCA violations. (*Id.*, PageID.3471-79.)

## II.  STANDARD

Pursuant to Federal Rule of Civil Procedure 15, a party may amend a pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). After a responsive pleading has been filed, however, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *Id.* "In deciding whether to permit a plaintiff to amend, a district court can consider 'undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment.'" *Sosby v. Miller Brewing Co.,* 211 F. App'x 382, 389 (6th Cir.2006) (quoting *General Elec. Co. v. Sargent & Lundy,* 916 F.2d 1119, 1130 (6th Cir.1990)). However, delay alone is not a "sufficient reason to deny the amendment." *Wade v. Knoxville Utils. Bd.,* 259 F.3d 452, 459 (6th Cir.2001).

The decision to permit or reject the amendment is committed to the discretion of the trial court. *See id.* (citations omitted) ("The denial of a motion for leave to amend is reviewed for abuse of discretion, except to the extent that the decision is based on a legal conclusion that the amendment would not withstand a motion to dismiss."); *S. Elec. Heath Fund v. Heritage Mutual Ins. Co.,* 147 F. App'x 497, 504 (6th Cir.2005).

## III. DISCUSSION

The court cannot allow the proposed changes. They are antithetical to what the court has previously expressed to be a permissible amendment. First, many of the supplementary transactions and allegations now sought to be included were known or should have been known by Plaintiffs before they filed the original complaint or first sought amendment.[5] Indeed, most of them occurred before Plaintiffs filed the Second Amended Complaint. (*See id.,* PageID.3277-3378, 3384-3462.) Plaintiffs have not provided any "reasonable cause" for the now requested addition. (*See* ECF No. 62, PageID.1598-99) ("Any motion to amend the complaint, answer or defenses must be based on reasonable cause . . ."). These realities evince Plaintiffs' dilatory action and repeated failure to cure deficiencies by previous amendments.

Moreover, contrary to Plaintiffs' assertion, the new facts added by the proposed Third Amended Complaint were not "all at issue in the original Complaint" (ECF No. 81, PageID.3202), nor are they "more of the same" (ECF No. 83, PageID.3530). Instead, they "constitute 'new and substantially different' facts and could stand on their own as a separate, distinct lawsuit." (ECF No. 49, PageID.792.) As the court has repeatedly said, "The core of the present action is Transdev's contracts with Defendant." (*Id.*) Plaintiffs' now-proposed allegations, concerning transactions and occurrences having no apparent connection to Transdev's relationship with Defendant, "do not relate to that theme." (*Id.*) Defendant cannot be reasonably expected to know that it would have to defend these new assertions under new theories of liability from the original complaint.

---

[5]   For example, Plaintiffs propose the inclusion of Contract Nos. 6001625, 6000928, 6002362, and 6002216, which were respectively awarded on February 1, 2019, September 27, 2017, and on or around September 30, 2019 (for the last two). (ECF No. 85-1, PageID. 3280, 3302, 3309, 3314.)

7

Consequently, adopting Plaintiff's requested changes to the pleading would substantially prejudice Defendant. The additional allegations would "require [Defendant] to expend significant additional resources to conduct discovery and prepare for trial" and "significantly delay the resolution of the dispute." *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994) (citation omitted). Moreover, the court has once rejected an attempt to include allegations that were beyond "the true focus of the case, which is the relationship between Transdev and Defendant." (ECF No. 49, PageID.792.) Plaintiffs' current proposed changes suffer the same problems as what the court previously has said "would not be a proper amendment." (ECF No. 49, PageID.792.)

In short, Plaintiffs' now-advanced revisions to the pleading are the product of undue delay, repeated failure to cure deficiencies by previous amendments. If allowed, it can only result in lack of notice and undue prejudice to Defendant, as well as unwarranted protraction of the case. Accordingly, leave to amend will not be permitted.

## IV. CONCLUSION

IT IS ORDERED that "Plaintiff's/Relator's [sic.] Motion for Leave to File Third Amended Complaint" (ECF No. 81) is DENIED.

                                                         s/Robert H. Cleland    /
                                                         ROBERT H. CLELAND
                                                         UNITED STATES DISTRICT JUDGE

Dated: May 18, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 18, 2023, by electronic and/or ordinary mail.

                                                         s/Lisa Wagner    /
                                                         Case Manager and Deputy Clerk
                                                         (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\17-14168.LYNN.MotionLeaveAmend.NH.v2.docx