UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA, ex rel.,
GREGORY LYNN and PAULETTE
HAMILTON,

    Relators/Plaintiffs,

v.

CITY OF DETROIT,

    Defendant.

_____/

Case No. 17-14168

Sean F. Cox
United States District Court

**OPINION & ORDER
DENYING PLAINTIFFS' MOTION TO AMEND**

This civil action was filed in 2017, when a Sealed Qui Tam Complaint was filed by Relators Gregory Lynn and Paulette Hamilton, on behalf of the United States of America, against Defendant City of Detroit. The United States declined to intervene and the Plaintiff Relators are proceeding on their own. The matter is currently before the Court on Plaintiffs' August 8, 2024 Motion For Leave To File Fourth Amended Complaint. (ECF No. 114). This is Plaintiffs' sixth proposed complaint in this case. This motion was filed nearly seven years after this case was filed, long past the deadline for amendments to the pleadings, after discovery closed, and after the opposing party had filed its motion for summary judgment. The Court concludes that neither a hearing nor a response from Defendant is necessary. Local Rule 7.1. For the reasons below, the motion is DENIED.

**BACKGROUND**

To recite the procedural facts of this case, that led to the pending motion before the Court,"is nearly to decide it.*"* *Universal Health Group v. Allstate Ins. Co.,* 703 F.3d 953, 954 (6th Cir. 2013).

This civil action was filed in 2017, when a Sealed Qui Tam Complaint was filed by Relators Gregory Lynn and Paulette Hamilton, on behalf of the United States of America, against Defendant City of Detroit. The original complaint included just one count: "Federal False Claims Act 31 U.S.C. §§ 3729(a)(1)(A) and (a)(2)" (Count I). This action was originally assigned to the Honorable Nancy G. Edmunds.

The Government declined to intervene. In 2021, this case was reassigned to the Honorable Robert Cleland, as a companion case to Judge Cleland's Case Number 17-13052.

The City of Detroit was served in this action after the United States declined to intervene. The Plaintiff Relators have changed counsel several times.

A "First Amended Qui Tam Complaint" was filed on February 15, 2022.

On May 20, 2022, the Relators filed a "Second Amended Qui Tam Complaint." (ECF No. 63). That complaint contains just one count.

On June 30, 2022, the Relators filed a motion seeking leave to file a Third Amended Qui Tam Complaint. (ECF No. 68). Their proposed Third Amended Complaint included five different counts, including claims under several additional sections of the False Claims Act ("FCA"). Their proposed Count III included "False Certifications" in the title and the body of that count included new allegations that the City "knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval vis-a-vis false certifications,

2

express and/or implied" and that the City "knowingly made, used, and caused to be made or used, false records and/or statements material to the false or fraudulent claims for federal grants and funding vis-a-vis false certifications, express and/or implied." (ECF No. 68-3 at PageID.2481).

The second counsel for the Relators withdrew and attorney Eric Stempien appeared on behalf of the Plaintiff Relators.

On January 9, 2023, the Relators filed yet another motion seeking to file a proposed Third Amended Complaint that would include six counts, again including claims under several different provisions of the FCA, including 31 U.S.C. § 3729(a)(1)(B). (*See* ECF No. 81 at PageID.3473). Their proposed Count III was titled "(False Certifications) Violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(A) and (B)" and included the allegation that the City "knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval vis-a-vis false certifications, express and/or implied." (*Id*. at PageID.3474).

On May 18, 2023, Judge Cleland denied the Plaintiff Relators' motions seeking leave to file a Third Amended Complaint. Judge Cleland noted that Plaintiffs were proposing "supplementing the current standalone count" in the Second Amended Complaint by adding five new counts to include additional claims under the FCA. (ECF No. 86 at PageID.3819). Judge Cleland denied the motions, concluding that the proposed amendments "are the product of undue delay, [and] repeated failure to cure deficiencies by previous amendments" and if allowed would prejudice the City and further delay this protracted case. (ECF no. 86 at PageID.3821).

Two weeks later, on May 30, 2024, this 2017 case was reassigned to the undersigned judge.

Thus, the Relator's Second Amended Qui Tam Complaint (ECF No. 63) is the operative complaint in this case. It includes just one count: "Federal False Claims Act Violations (31 U.S.C. Secs. 3729(a)(1)(A)."

There are cross-motions for summary judgment pending before this Court. This Court scheduled those motions to be heard on August 15, 2024.

As the third judge assigned to this 2017 case – and faced with summary judgment motions after not having presided over this case during the past seven years – this Court's first task was ascertaining what claims are actually in this case. That task was complicated by the fact that Plaintiffs have been represented by three different law firms during the course of this case and have sought numerous amendments of their complaint.

On July 29, 2024, this Court adjourned the motion hearing and issued an order for supplemental briefing. In it, this Court explained that Plaintiffs' pending motion and brief appear to reflect that Plaintiffs have a fundamental misunderstanding of the claims that are actually in this case. This Court's order walked the parties through the procedural history of this case, and the various complaints and proposed amended complaints, during the past seven years. The Court then directed the parties to file supplemental briefs that "focus on the limited claims set forth in the operative Second Amended Complaint." (ECF No. 111).

On August 8, 2024, Plaintiffs filed their pending "Motion For Leave To File A Fourth Amended Complaint." (ECF No. 114). This is Plaintiffs' sixth proposed complaint in this case. This motion was filed nearly seven years after this case was filed, long past the deadline for amendments to the pleadings, after discovery closed, and after the opposing party had filed its motion for summary judgment.

ANALYSIS

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend pleadings "shall be freely given when justice so requires." Even when Rule 15 governs a motion to amend, reasons that warrant denying leave to amend include undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, however, Plaintiffs' motion to amend comes well after the deadline for amendments set by this Court's scheduling orders, "which means th[is] court's discretion to allow them" is limited by Fed. R. Civ. P. 16(b), which applies here. *In Re: National Prescription Opiate Litig.*, 956 F.3d 838, 843 (6th Cir. 2020). As explained by the Sixth Circuit, at some point the pleadings in a case need to be fixed. *Id.*

At this very late stage of the litigation, this Court should only allow Plaintiffs leave to amend the complaint yet again if Plaintiffs show "good cause" for their failure to make the requested amendments earlier. In other words, leave to amend a scheduling order should be denied when evidence of diligence is lacking. *Id.*

The Court concludes that such diligence is clearly lacking here, where: 1) this is Plaintiffs' sixth proposed complaint in this case; 2) this motion was filed nearly seven years after this case was filed, long past the deadline for amendments to the pleadings, after discovery closed, and after the opposing party had filed its motion for summary judgment; and 3) the motion was filed after Judge Cleland denied a prior motion to amend, concluding that the proposed amendments "are the product of undue delay, [and] repeated failure to cure deficiencies

5

by previous amendments" and if allowed would prejudice the City and further delay this protracted case." (ECF no. 86 at PageID.3821).

Permitting Plaintiffs to amend their pleadings yet again at this very late stage of the litigation would undoubtedly prejudice Defendant and needlessly delay the proceedings in this protracted litigation.

## CONCLUSION & ORDER

**IT IS ORDERED** that Plaintiffs' Motion To Amend is **DENIED.**

**IT IS SO ORDERED**.

      s/Sean F. Cox
      Sean F. Cox
      United States District Judge

Dated: August 15, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 15, 2024, by electronic and/or ordinary mail.

      s/Jennifer McCoy
      Case Manager