UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA, ex rel.
GREGORY LYNN and PAULETTE
HAMILTON,

    Relators/Plaintiffs,

v.                                               Case No. 17-14168

CITY OF DETROIT,                      Sean F. Cox
                                                   United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER DENYING
PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT (ECF NO. 122)**

This civil action was filed in 2017, when a Sealed Qui Tam Complaint was filed by Relators Gregory Lynn and Paulette Hamilton, on behalf of the United States of America, against Defendant City of Detroit. The United States declined to intervene and the Plaintiff Relators proceeded on their own. In an Opinion and Order issued on September 27, 2024, this Court granted Defendant's summary judgment and denied Plaintiffs' summary judgment. The Judgment was issued that same day. The matter is now before the Court on Plaintiffs' "Motion For Relief From Judgment Pursuant To FRCP 60(b) and To Alter Judgment Pursuant To FRCP 59(e)." (ECF No. 122). The parties have briefed the issues and the Court concludes that oral argument is not necessary. Local Rule 7.1. For the reasons that follow, the Court DENIES the motion.

1

## BACKGROUND

This civil action has a long history that is described more fully in this Court's September 27, 2024 Opinion and Order. It was opened on December 27, 2017, when a Sealed Qui Tam Complaint was filed by Relators Gregory Lynn and Paulette Hamilton, on behalf of the United States of America, against Defendant City of Detroit. The action was filed in federal court pursuant to the provisions of 31 U.S.C. § 3732(a), the False Claims Act. The original complaint included just one count: "Federal False Claims Act 31 U.S.C. §§ 3729(a)(1)(A) and (a)(2)" (Count I). This action was originally assigned to the Honorable Nancy G. Edmunds. On November 12, 2020, the United States filed its " Notice of Election to Decline Intervention." (ECF No. 27).

On that same date, November 12, 2020, Judge Edmunds issued an Order providing that the "complaint be unsealed and served upon the defendants by the relators." (ECF No. 28).

On February 16, 2021, this case was reassigned from Judge Edmunds to Judge Cleland, as a companion case to Judge Cleland's Case Number 17-13052, another civil action filed against the City of Detroit and other Defendants.

The City of Detroit was served in this action after the United States declined to intervene. Plaintiffs have changed counsel several times during the course of this litigation.

On February 25, 2021, the City of Detroit filed a Motion to Dismiss (ECF No. 34). In an Order issued on May 3, 2021, Judge Cleland denied the City of Detroit's motion, explaining that it was filed on the ground that a qui tam Plaintiff cannot proceed *pro se* on behalf of the government. Judge Cleland denied the motion because the Relators obtained new counsel – Howard Lederman. (ECF No. 37).

2

The City of Detroit then filed an Answer and Affirmative Defenses. Judge Cleland issued a Scheduling Order on June 2, 2021, with: 1) a discovery deadline of November 12, 2021; and 2) motions due by December 17, 2021. (ECF No. 43).

In September of 2021, the Relators filed a "Motion To Amend Qui Tam Complaint." (ECF No. 44). In an Opinion a & Order issued on January 18, 2022, Judge Cleland granted that motion in part:

> IT IS ORDERED that Plaintiffs' "Motion to Amend/Correct Qui Tam Complaint" (ECF No. 44) is GRANTED IN PART. Specifically, it is GRANTED except for the factual allegations pertaining to "Failure or Refusal to Investigate Discrimination Complaints." (ECF No. 44-8, PageID.449-54.)

(*Id*. at 15). A "First Amended Qui Tam Complaint" was filed on February 15, 2022. (ECF No. 50).

On May 20, 2022, the Relators filed a "Second Amended Qui Tam Complaint." (ECF No. 63). That complaint, with its exhibits, spans nearly 700 pages. It contains just one count.

On June 30, 2022, the Relators filed a motion seeking leave to file a Third Amended Qui Tam Complaint. (ECF No. 68).

Counsel for the Relators again withdrew (this time Howard Lederman) and on July 29, 2022, the Relators filed a motion asking to stay this case for 90 days so that they could find new counsel. (ECF No.72). They later filed another motion asking for more time. (ECF No. 78). Attorney Eric Stempien eventually appeared on behalf of the Relators on November 1, 2022.

On January 9, 2023, the Relators filed another motion seeking to file a proposed Third Amended Complaint that would include six counts, again including claims under several different provisions of the False Claims Act, including 31 U.S.C. § 3729(a)(1)(B). (*See* ECF No.

81 at PageID.3473). Their proposed Count III was titled "(False Certifications) Violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(A) and (B)" and included the allegation that the City "knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval vis-a-vis false certifications, express and/or implied." (*Id*. at PageID.3474).

On May 18, 2023, Judge Cleland denied the Relators' motions seeking leave to file a Third Amended Complaint. Judge Cleland noted that Plaintiffs were proposing "supplementing the current standalone count" in the Second Amended Complaint by adding five new counts to include additional claims under the False Claims Act. (ECF No. 86 at PageID.3819). Judge Cleland denied the motion, concluding that the proposed amendments "are the product of undue delay, [and] repeated failure to cure deficiencies by previous amendments" and if allowed would prejudice the City and further delay this protracted case. (*Id*. at PageID.3821). He did so on May 18, 2023. (ECF No. 86).

Two weeks later, this 2017 case was reassigned to the undersigned judge due to Judge Cleland's retirement from the bench.

Thus, the Relator's Second Amended Qui Tam Complaint (ECF No. 63) is the operative complaint in this case. It includes just one count: "Federal False Claims Act Violations (31 U.S.C. Secs. 3729(a)(1)(A)."

Plaintiffs allege that the City of Detroit and the Detroit Department of Transportation received United States Department of Transportation, Federal Transportation Agency ("FTA") funds in significant amounts and received such funds in 2015, 2016, 2017, 2018, 2019, and 2020. (Sec. Am. Compl. at ¶¶ 15 & 16). "Every year, as a prerequisite to obtaining FTA funding, Defendant City must provide the federal government with certain Assurances and Certifications."

4

(*Id.* at ¶ 17). In those assurances and certifications, the individual signing it states that the City "will comply" with various laws, regulations, and requirements. (*See, eg.* Sec. Am. Compl. at ¶¶ 19, 21, 22, 23)

Plaintiffs allege that the "Defendant City knowingly presented or knowingly caused to be presented false or fraudulent certifications, and thus false claims, to the United States Government for obtaining FTA and other federal funding." (Sec. Am. Compl. at ¶ 250). Plaintiffs allege that "Defendant City's assurances, statements, and certifications were knowing and at least reckless." (*Id.* at ¶ 253).

After discovery closed, the parties filed cross-motions for summary judgment. In an Opinion and Order issued on September 27, 2024, this Court granted Defendant's summary judgment and denied Plaintiffs' summary judgment. The Judgment was issued that same day. Thereafter, Plaintiffs filed the pending "Motion For Relief From Judgment Pursuant To FRCP 60(b) and To Alter Or Amend Judgment Pursuant to FRCP 59(e). (ECF No 122).

## STANDARD OF DECISION

Plaintiffs bring the pending motion under both Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b)(1).

A motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) "may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest justice." *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). As the Sixth Circuit has explained, "Rule 59(e) does not exist to correct a misguided legal strategy or litigate matters that could have been litigated previously. *See Exxon Shipping Co. v. Baker,* 554 U.S. 471, 485 n.5, 128 S.Ct. 2605, 171 L.Ed.2d 570 (2008) ('Rule 59(e)

permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.')" *Maxum Indemnity Co. v. Robbins Co.*, 784 F. App'x 366, 373 (6th Cir. 2019).

Pursuant to Fed. R. Civ. P. 60(b)(1), the Court may relieve a party from a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect." Like Rule 59(e), Rule 60 does not provide a vehicle for rehashing arguments that were previously made and and rejected. *See, e.g., Long v. Morgan*, 56 F. App'x 257, 258 (6th Cir. 2003) (Explaining that a Rule 60(b) motion must be denied where "it is merely an attempt to relitigate the case.").

## ANALYSIS

In the pending motion, Plaintiffs make several arguments. As set forth below, the Court finds them all to be without merit. Plaintiffs have not established that they are entitled to relief under Fed. R. Civ. P. 59(e) or 60(b)(1).

**I.      Plaintiffs' Disagreement With Court's Ruling As To Express Certification Claims**

First, Plaintiffs express their disagreement with the Court's substantive ruling that the "City has established that it is entitled to summary judgment in it favor" as to Plaintiffs' "express false certification claims that are based on the City's annual 'certifications and assurances,'" "because the certifications and assurances at issue relate to future compliance with federal laws and regulations, not past or present compliance." (ECF No. 120 at PageID.6678). Plaintiffs continue to argue that the certifications and assurances signed by the City were false statements, not promises of future conduct, and are subject to liability under the False Claims Act. In its Opinion and Order, this Court considered and rejected the timely arguments made by Plaintiffs. The pending motion is not a vehicle to make new arguments, nor is it a vehicle to rehash

arguments already made and rejected by the Court. The Court continues to conclude that the City is entitled to summary judgment on the basis set forth in the Court's September 27, 2024 Opinion and Order.

## II. Whether Plaintiffs' Second Amended Complaint Stated A Claim Under 31 U.S.C. § 3729(a)(1)(B)

In this Court's September 27, 2024 Opinion & Order, this Court explained that "[a]s the third judge assigned to this 2017 case – and faced with summary judgment motions after not having presided over this case during the past seven years – this Court's first order of business was ascertaining what claims are actually in this case. That task was complicated by the fact that Plaintiffs have been represented by three different law firms during the course of this case and have sought numerous amendments of their complaint." ECF No. 120 at PageID.6687). This Court then explained that the operative complaint contains only one count asserting claims under one specific section of the FCA, and noted that Plaintiffs had deleted (and dropped) any claims being made under 31 U.S.C. § 3729(a)(2) when they filed their Second Amended Complaint:

> Plaintiffs' Second Amended Complaint (which is the operative complaint) also includes just one count but Plaintiffs chose to delete any claims being made under 31 U.S.C. § 3729(a)(2). (*See* ECF No. 63 at PageID.1673)(with Count I titled "Federal False Claims Act Violations (31 U.S.C. Secs. 3729(a)(1)(A)"). Moreover, the body of Count I makes no reference to 31 U.S.C. § 3729(a)(2), a specific section of the FCA that was in their prior complaint.
> It is well established that the filing of an amended complaint replaces and supercedes a prior complaint. In re Refrigerant Compressors Antitrust Litig., 731 F.3d 586, 589 (6th Cir. 2013). Thus, Plaintiff dropped any claims under 31 U.S.C. § 3729(a)(2).

(ECF No. 120 at PageID.6691). The Court also explained that the operative complaint did not include a claim under § 3729(a)(1)(B):

> And while both of Plaintiffs' proposed Third Amended Complaints sought

7

> to add a count that asserted claims under 31 U.S.C. § 3729(a)(1)(B), and sought to add a count asserting claims under an implied false certification theory, Judge Cleland *denied their motions seeking to file a third amended complaint in this action.*
> As such, this Court concludes that there is no claim under 31 U.S.C. § 3729(a)(1)(B), and no claim under 31 U.S.C. § 3729(a)(2), in this case.

(*Id*. at PageID.6691-92).

In the pending motion, Plaintiffs argue that their operative complaint should be deemed to have asserted a claim under § 3729(a)(1)(B), despite their operative complaint not including a reference to such a claim. The Court continues to disagree, for the reasons set forth in its September 27, 2024 Opinion and Order.

Plaintiffs further assert that if the Court finds that the operative complaint did not assert such a claim, the Court should nevertheless "grant Plaintiffs relief from the Judgment because the removal of the violations of subsection (a)(1)(B) was done by Plaintiffs/Relators' prior counsel and was specifically not authorized by Plaintiffs/Relators." (Pls.' Br., ECF No. 122 at PageID.6713-14). In support of this argument, Plaintiffs submitted affidavits stating that they did not authorize their counsel "to remove the title 31 U.S.C. § 3729(a)(2) from the Counts in Plaintiffs's Complaint." (ECF No. 122-3 at PageID.6727 & PageID.6730).

Notably, however, Plaintiffs do not claim that their counsel filed any of the complaints in this action without their having been given the opportunity to review and approve them first. Nor do Plaintiffs claim that their counsel filed any of the complaints in this action without their approval to do so. Thus, Plaintiffs have not shown that their attorney acted without authority to file their Second Amended Complaint.

8

### III. Disagreement With Judge Cleland's Ruling Denying Leave To Amend

Next, Plaintiffs argue that this Court should grant them "relief from judgment because it was error for Judge Cleland to deny leave to amend when the motion was timely filed and there was still five months left in discovery period." (ECF No. 122 at PageID.6714).

The Court rejects this argument for several reasons. First and foremost, to be entitled to relief from this Court's September 27, 2024 Opinion and Order under Fed. R. Civ. P. 60(b)(1), Plaintiffs would need to show some mistake made by this Court in connection with *that Opinion and Order*. That same is true as to challenges under Fed. R. Civ. P. 59(e). This challenge, however, is not directed towards any of the rulings in this Court's September 27, 2024 Opinion and Order.

Moreover, Judge Cleland's ruling was not improper in any event. Contrary to Plaintiffs' assertion that it was "their first attempt to amend the Complaint with respect to the causes of action against Defendant," (ECF No. 122 at PageID.6715), the record reflects that Plaintiffs were permitted to file two amended complaints: 1) their First Amended Complaint (ECF No. 50); and 2) their Second Amended Complaint. (ECF No. 63).

On June 30, 2022, the Relators filed a motion seeking leave to file a Third Amended Qui Tam Complaint. (ECF No. 68). Counsel for the Relators again withdrew (this time Howard Lederman) and on July 29, 2022, the Relators filed a motion asking to stay this case for 90 days so that they could find new counsel. (ECF No.72). They later filed another motion asking for more time. (ECF No. 78). Attorney Eric Stempien appeared on behalf of the Relators on November 1, 2022.

On January 9, 2023, the Relators filed another motion seeking to file a proposed Third

Amended Complaint. (ECF No. 81 at PageID.3473).

On May 18, 2023, Judge Cleland denied the Relators' motions seeking leave to file a Third Amended Complaint. Judge Cleland noted that Plaintiffs were proposing "supplementing the current standalone count" in the Second Amended Complaint by adding five new counts to include additional claims under the False Claims Act. (ECF No. 86 at PageID.3819). Judge Cleland denied the motion, concluding that the proposed amendments "are the product of undue delay, [and] repeated failure to cure deficiencies by previous amendments" and if allowed would prejudice the City and further delay this protracted case. (*Id*. at PageID.3821).

Plaintiffs now assert that it was error for Judge Cleland to have denied their motion because discovery had not closed. Not so. Judge Cleland generously extended the time permitted for seeking leave to amend the complaint. He then considered and denied Plaintiffs' motion seeking leave to file a third amended complaint. There was no error, as Judge Cleland acted within his discretion in denying leave to amend.

### IV.     Untimely Objection To Defendant's Supplemental Brief

Finally, Plaintiffs assert that "Defendant violated this Court's briefing order when it required an additional day to file its response supplemental brief due to technology issues" and assert that this "Court should have stricken Defendant's brief." (ECF No. 122 at PageID.6717-18). Notably, Plaintiffs did not object, or a file a motion to strike, at the time the brief was filed. The Court finds this untimely objection without merit.

### CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Plaintiffs' motion (ECF No. 122) is DENIED.

IT IS SO ORDERED.

                                              s/Sean F. Cox
                                              Sean F. Cox
                                              United States District Judge

Dated:  May 28, 2025